## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KILEY A. CARTER,
               Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,
               Agency.

DOCKET NUMBER
AT-844E-14-0600-A-1

DATE: December 12, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Azez Ellis, Jr.</u>, Olive Branch, Mississippi, for the appellant.

<u>Thomas Styer</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the addendum initial decision, which dismissed his motion for attorney fees. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the addendum initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).  However, we FORWARD the appellant's compliance claims to the Board's regional office for docketing as a petition for enforcement.

¶2        The appellant filed a Board appeal challenging the decision of the Office of Personnel Management (OPM) denying his application for disability retirement. *Carter v. Office of Personnel Management*, MSPB Docket No. AT-844E-14-0600-I-1, Initial Appeal File, Tab 1.  The administrative judge issued an initial decision reversing OPM's decision and ordering OPM to grant the appellant's application for disability retirement within 20 days after the initial decision became final. *Carter v. Office of Personnel Management*, MSPB Docket No. AT-844E-14-0600-I-2, Appeal File, Tab 20, Initial Decision.

¶3        After the initial decision became final, the appellant filed the instant motion for attorney fees.  *Carter v. Office of Personnel Management*, MSPB Docket No. AT-844E-14-0600-A-1, Attorney Fee File (AFF), Tab 1.  The administrative judge issued an addendum initial decision denying the appellant's motion. AFF, Tab 4, Addendum Initial Decision (AID).  The appellant has filed a petition for review of the addendum initial decision.  Petition for Review (PFR) File, Tab 1.  OPM has responded in opposition to the petition.  PFR File, Tab 4.

¶4      As the administrative judge correctly found, we cannot award fees for the work of the appellant's nonattorney representatives because the Board has long held that, to be entitled to an award of attorney fees, an appellant must prove an attorney-client relationship. *Holmes v. Office of Personnel Management*, 99 M.S.P.R. 330, ¶ 6 (2005). Such a relationship does not exist between the appellant and his nonattorney representatives. *Brenner v. Department of the Interior*, 119 M.S.P.R. 399, ¶¶ 7, 11 (2013); 5 C.F.R. § 1201.203(a)(4). Furthermore, we agree with the administrative judge that the appellant has not submitted evidence or argument that otherwise establishes his entitlement to attorney fees and costs. AID at 3-4.

¶5      On review, the appellant asserts that OPM incorrectly calculated his disability retirement annuity. PFR File, Tab 1 at 2, Tab 3 at 1. To the extent that these claims constitute a possible compliance matter, we forward them to the Board's regional office for docketing as a petition for enforcement.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.